IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SEAN MOONEY,

      Plaintiff,                    No. 2:13-cv-1165 EFB P

    vs.

SECRETARY OF THE CDCR, et al.,    ORDER & FINDINGS & RECOMMENDATIONS
                                          TO DISMISS THE ACTION FOR FAILURE TO
      Defendants.             EXHAUST ADMINISTRATIVE REMEDIES
_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. For the reasons stated below, this action must be dismissed for plaintiff's failure to exhaust administrative remedies prior to filing suit.

      The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statue makes exhaustion a precondition to *suit*."). Therefore, a prisoner must exhaust available administrative

1 | remedies before filing any papers in federal court and is not entitled to a stay of judicial
2 | proceedings in order to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006);
3 | *McKinney*, 311 F.3d 1198; *see also Rhodes v. Robinson*, 621 F.3d 1002, at *6, 13 (9th Cir. 2010)
4 | (clarifying that the rule of *Vaden* and *McKinney* does not apply to new claims raised in a
5 | supplemental complaint regarding conduct that occurred after the initial complaint was filed).

6 |     California prisoners may appeal "any policy, decision, action, condition, or omission"
7 | that the inmate can demonstrate "as having an adverse effect upon his or her welfare." Cal. Code
8 | Regs. tit. 15, § 3084.1(a). The grievance process, as defined by California regulations, has three
9 | levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code
10 | Regs. tit. 15, § 3084.7. Administrative remedies generally are exhausted once a plaintiff has
11 | received a "Director's Level Decision," or third level review, with respect to his issues or claims.
12 | Cal. Code Regs. tit. 15, § 3084.1(b).

13 |     A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action, so
14 | long as no exception applies. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003); *see*
15 | *also Diaz v. McCue*, 2013 U.S. App. LEXIS 3162, at *2 (9th Cir. Mar. 12, 2013) ("prisoner's
16 | concession to nonexhaustion is a valid ground for dismissal only if no exception to exhaustion
17 | applies and record is clear that plaintiff has conceded," citing *Wyatt*); *Ransome v. Longero*, 2013
18 | U.S. App. LEXIS 134, at *2 (9th Cir. Cal. Jan. 3, 2013) ("exhaustion is an affirmative defense
19 | and sua sponte dismissal for failure to exhaust administrative remedies under the PLRA is only
20 | appropriate if, taking the prisoner's factual allegations as true, the complaint establishes her
21 | failure to exhaust," citing *Jones v. Bock*, 549 U.S. 199, 214-16 (2007)).

22 |     In his complaint, plaintiff states that he "has not utilized the administrative process for
23 | relief because the defendant's actions constituting the violations in this case are a product of an
24 | otherwise proper application of a discriminatory, prejudicial, malicious and exploitive state law
25 | enforced against thousands of California prisoners every day, and therefore, in order for the
26 | /////

defendant to grant the relief sought by the plaintiff, [defendant] would have to refuse to execute his sweeping official duties proscribed by the State of California." Dckt. No. 1, ¶ 5.

Plaintiff plainly concedes that he has not made use of the grievance process. He appears to believe that he is not required to when he believes that doing so would be futile. Exhaustion, however, is mandatory. Plaintiff's subjective belief that it would be futile is no excuse. *See Booth* 532 US at 741 n. 6 (stating courts should not read "futility or other exceptions" into § 1997e(a)); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."); *id.* ("All 'available' remedies must . . . be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'")

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The allegations in the complaint affirmatively demonstrate that plaintiff has not "properly exhausted" his claims by pursuing all levels of administrative review available to him, and that there is no applicable exception to the exhaustion requirement. This action must therefore be dismissed without prejudice.[1] *See Wyatt*, 315 F.3d at 1120.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action and that all outstanding motions are denied.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[1] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.

1 objections with the court and serve a copy on all parties.  Such a document should be captioned
2 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
3 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
4 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
5 Dated: July 25, 2013.

          EDMUND F. BRENNAN
          UNITED STATES MAGISTRATE JUDGE